# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | CASE NO. 1:08-cv-00139-AWI-WMW PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| CALDERON, et al., | |
| Defendants. | |

Plaintiff Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss based on Plaintiff's failure to properly exhaust all of his administrative remedies prior to filing suit. (Doc. #10.) This action is proceeding on Plaintiff's complaint filed on January 28, 2008 against Defendants Calderon, Duran, Reed, Jordan, and Bowan ("Defendants") for the alleged violation of Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment. (Doc. #1.) Defendants filed their motion to dismiss on March 2, 2009. (Doc. #10.) Plaintiff filed an opposition on May 7, 2009. (Doc. #19.) Defendants filed a reply to Plaintiff's opposition on May 11, 2009. (Doc. #20.) For the reasons stated below, the Court finds the Plaintiff failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act and recommends that Defendants' motion to dismiss be granted.

**I.     Defendants' Motion to Dismiss**

In his complaint, Plaintiff alleges that from June 5, 2002 through March 27, 2003, Plaintiff was almost constantly under the effects of mace used by Defendants on other inmates that were

1

housed near Plaintiff. (Compl. 4.) Plaintiff alleges that the use of mace on the other inmates was a common, and often unnecessary, practice that was a source of amusement for Defendants. (Compl. 6.) Plaintiff also alleges that Defendants failed to provide medical treatment to remedy the harmful effects of mace. (Compl. 9.)

Defendants argue in their motion to dismiss that they are entitled to dismissal because Plaintiff did not fully exhaust the administrative remedies with respect to his section 1983 claims.[1] (Mem. of Points and Authorities in Supp. of Mot. to Dismiss 4:17-7:13.) Defendants contend that the only administrative grievance filed by Plaintiff pertaining to the events described in his complaint was filed on October 24, 2003. (Mot. to Dismiss 6:24-25.) Defendants point out that Plaintiff's October 24, 2003 administrative grievance was untimely because under Title 15, California Code of Regulations, section 3084.6(c), Plaintiff was required to submit his grievance within fifteen days of the event being appealed. (Mot. to Dismiss, 6:26-7:1.) Nonetheless, Plaintiff's October 24 administrative grievance was reviewed and denied despite its untimeliness because it was construed as challenging an institutional policy. (Mot. to Dismiss 7:2-3.) Plaintiff did not appeal the denial of his grievance to the third level or the Director's level of review. (Mot. to Dismiss 7:3-4.)

Plaintiff had filed a previous lawsuit regarding the events in this action that was dismissed without prejudice because of Plaintiff's failure to exhaust his administrative remedies. (Mot. to Dismiss 7:5-6.) Plaintiff attempted to remedy the dismissal by filing two administrative grievances in November 2007. (Mot. to Dismiss 7:6-8.) Plaintiff's grievances were screened out at the first level of review because by that time, Plaintiff's grievances regarding the use of mace in 2002 and 2003 were untimely. (Mot. to Dismiss 7:8-10.) Thus, Defendants argue, Plaintiff failed to properly exhaust his administrative remedies prior to filing suit in this action.

Plaintiff, in opposition, alleges that he has "repeatedly attempted to appeal the issue raised in this lawsuit. However, his appeals have been repeatedly screened out by the CCI Appeals Office."

---

[1] Defendants also argue that Plaintiff failed to exhaust the available administrative remedies for his state law claims, (Mem. of Points and Authorities in Supp. of Mot. to Dismiss 7:22-8:23,) and Plaintiff failed to comply with the California Tort Claims Act, (Mot. to Dismiss 8:24-10:21.) The Court need not address the merits of Defendants' arguments because dismissal of Plaintiff's federal claims will result in the dismissal of Plaintiff's state law claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")

2

(Opp'n to Defs.' Mot. to Dismiss 1.) Plaintiff's factual allegations regarding his attempts at exhaustion largely mirrors Defendants'. Plaintiff alleges that:

> he attempted to exhaust his claims by filing, in November 5, 2007 and November 27, 2007, two administrative appeals at the second level of review regarding the 2002 and 2003 use of mace. Also along with Plaintiffs' appeals, he filed handwritten notes, explaining why his appeals was filed beyond the 15 day time limit. In December 2007, Plaintiff received a memorandum denying both of his appeals which stated "the appeal exceeds the 15 day time limit. Do not resubmit appeal." This statement unambiguously told Plaintiff that an appeal was futile, even prohibited.

(Opp'n 2.)

## II. Discussion

### A. Plaintiff's Evidentiary Objections

As an initial matter, Plaintiff moves to strike the supporting declarations in Defendants' motion to dismiss pursuant to Federal Rules of Evidence 901, 902, 1003, and 1005.[2] (Opp'n to Defs.' Mot. to Dismiss 3.) Plaintiff argues:

> The declarations that defendants use to support their motion cannot be authenticated because none of the declarations contained personal knowledge statement [sic] nor show the person making the statement was competent to testify to the facts contained in the statement. Accordingly, because Defendants['] declarations is [sic] (1) unsworn and (2) unauthenticated, Plaintiff moves to strike Defendants['] declarations. Should the court decide not to do so, Plaintiff suggests that it should be given little or no weight.

(Opp'n 3.)

Plaintiff's contention that the supporting declarations in Defendants' motion to dismiss are unauthenticated is groundless. The supporting declarations are signed by the respective declarant under the statement:

> I declare under penalty of perjury that the foregoing statements are true.
>
> Executed this [date], at [place].

---

[2] Federal Rule of Evidence 901(a) requires "authentication or identification as a condition precedent to admissibility". The authentication requirement "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Federal Rule of Evidence 902 provides a list of self-authenticating evidence. Federal Rule of Evidence 1003 concerns the admissibility of duplicates and Federal Rule of Evidence 1005 concerns the admissibility of copies of public records.

3

(Decl. of K. Sampson in Supp. of Mot. to Dismiss, 4:7-11; Decl. of K. M. Pool In Supp. of Mot. to Dismiss, 4:14-18; Decl. of N. Grannis in Supp. of Mot. to Dismiss, 3:3-8.) The Court is satisfied that the signed declarations of K. Sampson, K. M. Pool, and N. Grannis are what Defendants claim them to be and do not require additional authentication. Plaintiff's objections that the declarations are unsworn are equally unavailing. Unsworn declarations under penalty of perjury have the same force and effect as sworn declarations. 28 U.S.C. § 1746.

Plaintiff's objection that "none of the declarations contained personal knowledge" is also incorrect. The declarations by K. Sampson K. M. Pool, and N. Grannis demonstrate that they personally received Plaintiff's grievances (Decl. of K. Sampson 4:1-6) or they conducted a review of Plaintiff's grievance record (Decl. of K. Sampson 2:9-3:23; Decl. of K. M. Pool 2:9-4:10; Decl. of N. Grannis 2:4-23). Therefore, K. Sampson, K. M. Pool, and N. Grannis have personal knowledge of the contents of Plaintiff's grievance record.

Construing Plaintiff's objections as a hearsay objection is also unavailing for Plaintiff. The declarations by K. Sampson regarding the November 2007 grievance indicate that they were based on his own screening of the grievances and not on the review of an extrinsic record. K. Sampson states that he personally received Plaintiff's inmate grievances in November 2007 and screened them out because they were untimely. (Decl. of K. Sampson in Supp. of Mot. to Dismiss 4:1-6.) Therefore, Defendants have provided admissible evidence supporting their allegation that Plaintiff's November 2007 grievances were screened out as untimely.

The declarations also provide admissible evidence supporting Defendants' allegations that Plaintiff's October 24, 2003 grievance was not fully exhausted to the Director's level and that Plaintiff failed to file any other grievances. Declarants' statements regarding the contents of Plaintiff's grievance record is not hearsay when used to demonstrate the non-existence of a grievance or appeal. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Declarants do not present the contents of Plaintiff's grievance record to prove the truth of a matter asserted in the grievance record. The grievance record is reproduced to demonstrate that 1) Plaintiff did not file any other grievances other than the ones filed on October 24, 2003,

November 5, 2007, November 27, 2007; and 2) Plaintiff did not file a third level or Director's level appeal of his October 24, 2003 grievance.

Even if the contents of Plaintiff's grievance record were considered hearsay for the purpose of demonstrating the non-existence of grievances filed by Plaintiff, the Federal Rules of Evidence specifically provide for its admissibility. Federal Rule of Evidence 803(6), (7) provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> (6) Records of Regularly Conduct Activity.–A memorandum, report, record, or date compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
>
> (7) Absence of entry in records kept in accordance with the provisions of paragraph (6). Evidence that a matter is not included in the memoranda reports, records, or data compilations, in any form, kept in accordance with the provisions of paragraph (6), to prove the nonoccurrence or nonexistence of the matter, if the matter was of a kind of which a memorandum, report, record, or data compilation was regularly made and preserved, unless the sources of information or other circumstances indicate lack of trustworthiness.

For a record to be admissible as a business record, it must (1) be made by a regularly conducted business activity; (2) be kept in the regular course of that business, (3) be the regular practice of that business to make the record; and (4) be made by a person with knowledge or from information transmitted by a person with knowledge. Clark v. City of Los Angeles, 650 F.2d 1033, 1036-37 (9th Cir. 1981). The declarations of K. Sampson, K. M. Pool, and N. Grannis demonstrate that Plaintiff grievance record was made pursuant to a regularly conducted business activity kept and made in the regular course of prison business. (Decl. of K. Sampson 1:26-2:6; Decl. of K. M. Pool 1:25-2:6; Decl. of N. Grannis 1:25-2:3.) That the grievance record was made by a person with

firsthand knowledge is "inferable from the circumstances". <u>See</u> Fed. R. Evid. 603 advisory committee's note. Therefore, the contents of Plaintiff's grievance record is admissible under Federal Rule of Evidence 803(6) and may be used to prove the non-existence of any grievances under Federal Rule of Evidence 803(7).

Thus, Defendants have provided admissible evidence to support their contention that Plaintiff did not appeal his October 24, 2003 grievance to the third level or Director's level of review, and that Plaintiff's November 2007 grievances were screened out as untimely. The Court now addresses the merits of Defendants' motion to dismiss.

### B. **Failure to Exhaust**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter</u>, 534 U.S. at 524 (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth</u>, 532 U.S. at 741.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, <u>et</u> <u>seq.</u> "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit 15, § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

///

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

Defendants argue that Plaintiff's October 24, 2003 grievance was 1) untimely; and 2) not fully exhausted because Plaintiff did not appeal the denial of the grievance to the third or Director's level. (Mem. of Points and Authorities in Supp. of Mot. to Dismiss 6:24-7:4.) Despite the untimely nature of the October 24 grievance, Defendants accepted it for review "due to its status as challenging an institutional policy". (Mot. to Dismiss 7:2-3.) Whether Defendants can now seek dismissal of Plaintiff's claim based on Plaintiff's failure to exhaust after accepting the untimely grievance for review need not be decided. Even if Defendants' actions could be construed as a waiver of their right to reject Plaintiff's untimely grievance, see <u>Bradley v. Williams</u>, No. 07-1870-HU, 2009 WL 198014, at *2 (D. Or. Jan. 23, 2009) (stating that defendants cannot seek dismissal of plaintiff's claim for failure to comply with grievance system rules after accepting and reviewing the defective grievance and the appeals of the grievance), Plaintiff did not fully exhaust the October 24 grievance by appealing the denial to the third or Director's level of review.

As for Plaintiff's November 2007 grievances, Plaintiff argues that "[b]ecause Defendants have screened out Plaintiff's appeals, the grievance procedure has been rendered unavailable to him, and the Defendants cannot now claim that Plaintiff has failed to exhaust his administrative remedies." (Opp'n to Defs.' Mot. to Dismiss 2.) Plaintiff cites <u>Hall v. Alameida</u>, No. S-03-1595 DFL KJM P, 2005 WL 2030728, at *3 (E.D. Cal. Aug. 23, 2005) for the proposition that an administrative appeal that is screened out by prison officials is effectively exhausted for the purposes of the exhaustion requirement in the Prison Litigation Reform Act. The court in <u>Hall</u> stated that "the

Ninth Circuit recently has held that an inmate has exhausted all available remedies even when a grievance is rejected as time-barred because no further level of appeal remains available in the prison grievance system." Id. (citing Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir. 2005), rev'd, 548 U.S. 81 (2006)). Hall is no longer good law. The Ninth Circuit case cited to in Hall was reversed by the Supreme Court in Woodford v. Ngo, 548 U.S. 81 (2006). Woodford held that "proper exhaustion of administrative remedies is necessary" under the Prison Litigation Reform Act. Id. at 83. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. The Supreme Court stated that proper exhaustion is necessary because otherwise "a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time." Id. at 95.

Plaintiff alleges that "he filed handwritten notes[] explaining why his appeals was filed beyond the 15 day time limit" along with his appeals. (Opp'n to Defs.' Mot. to Dismiss 2.) Whatever those reasons were, Plaintiff has not provided them to the Court. As such, the Court finds that Plaintiff has failed to properly exhaust his administrative remedies.

## II. Conclusion and Recommendation

The Court finds that Plaintiff did not completely exhaust his October 24, 2003 administrative grievance concerning the use of pepper spray by Defendants because Plaintiff did not pursue the grievance to the third level or the Director's level of review. The Court also finds that Plaintiff's two administrative grievances in November 2007 did not properly exhaust his administrative remedies because he failed to comply with the prison's 15-day deadline for filing grievances. Finally, the Court finds that Plaintiff's evidentiary objections against the declarations in support of Defendants' motion to dismiss are unfounded and should be denied.

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss, filed March 2, 2009, be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 20, 2009**                               **/s/  William M. Wunderlich**
                                                                 UNITED STATES MAGISTRATE JUDGE